## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| DONALD L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   ACTION NO.: **2:07-cv-713-MEF** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

COMES now the defendant, United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully moves this Honorable Court to dismiss the plaintiff's complaint pursuant to Rule(s) 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure.

**I.     THE COMPLAINT**

Plaintiff's Complaint alleges a cause of action against the Postal Service for failure to pay for lost check that was sent through the mails in return for a COD parcel sent by the Plaintiff.  Th e plaintiff's claim, however, is subject to dismissal on the basis of sovereign immunity and/or he does not have a proper claim under the applicable Postal Service regulations.

**II.     STATEMENT OF UNDISPUTED FACTS**

1.  On December 13, 2006, Mr. Donald J. Jones sent a COD parcel to Ms. Carmen

Merten by the Postal Service.[1]

2. The COD parcel contained Swardovski crystal jewelry with an estimated value of $284.00.[2]

3. The COD parcel was delivered on December 15, 2006, and the addressee, Ms. Merten, sent a check via the U.S. mail back to Plaintiff in the amount of $284.00.[3]

4. Ms. Merten's check was never received by Plaintiff.[4]

5. Plaintiff filed a claim for the $284.00 with the Postal Service's Accounting Service Center, Claims Processing Center, (ASC), which has the responsibility under postal regulations for adjudicating such claims, on February 1, 2007.[5]

6. On March 13, 2007, the St. Louis ASC denied Plaintiff's claim because his claim was not properly payable as the check had been collected from the addressee and mailed to Plaintiff.[6]

7. Plaintiff was informed in the letter denying his claim that he was to contact the

---

[1] Defendant's Exhibit A (DEX A) Declaration of Deborah Lasseigne, ¶ 3 and Exhibit 1 attached thereto.

[2] DEX A, ¶ 4 and Exhibit 3 attached thereto.

[3] DEX A, ¶ 5 and Exhibit 3 attached thereto.

[4] Complaint.

[5] Defendant's Exhibit B (DEX B) Declaration of Autria Finley, ¶ 3 and Exhibit 1 attached thereto.

[6] DEX B, ¶ 4 and Exhibit 2 attached thereto.

addressee, Ms. Merten, to get her to issue a replacement check, and that the Postal Service would pay cancellation charges if the original check had to be cancelled.[7]

8. On March 20, Plaintiff appealed the denial of his claim to the Postal Service's Consumer Advocate.[8]

9. On April 19, 2007, the Consumer Advocate denied Plaintiff's appeal.[9]

10. Pursuant to DMM 503.2.3.1, nonnegotiable instruments, which include COD checks that are to be made out to the sender of the COD parcel under DMM 503.11.2.1, are only payable for their replacement cost.[10]

11. When a COD check is lost or misdelivered, the COD coverage only covers the cost, if any, incurred to replace the COD check, such as costs to cancel the check that was lost or to issue a new check.[11]

12. COD service does not include the Postal Service paying for a check to the sender of the COD parcel that was lost or misdelivered.[12]

---

[7] DEX B, ¶ 5 and Exhibit 2 attached thereto.

[8] DEX B, ¶ 6.

[9] DEX B, ¶ 7 and Exhibit 3 attached thereto.

[10] DEX B, ¶ 8 and Exhibit 4 attached thereto.

[11] DEX B, ¶ 9.

[12] DEX B, ¶ 10.

## III. ARGUMENT

**A) The plaintiff's claim in tort is barred by the doctrine of sovereign immunity, the Court therefore lacks subject matter jurisdiction.**

It is well-settled that the United States, as sovereign, is immune from suit except as it consents to be sued, and the terms of its consent define the parameters of a federal court's jurisdiction to entertain suits brought against it. United States v. Orleans, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976 (1976); Honda v. Clark, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197 (1967); Dalehite v. United States, 346 U.S. 15, 30-31, 73 S.Ct. 956 (1953); United States v. Sherwood, 312 U.S. 584, 590-91, 61 S.Ct. 767, 771 (1941). As a corollary to this general principle, it is an "accepted jurisprudential principle that no action lies against the United States unless the legislature has authorized it." Dalehite, 312 U.S. at 30, 73 S.Ct. at 965.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, which allows monetary recovery against the United States for loss of property, personal injury or wrongful death caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment, is a limited waiver of the government's sovereign immunity, subject to the enumerated jurisdictional exceptions contained in section 2680 of Title 28, United States Code. Certain classes of tort claims were excepted specifically from the coverage of the FTCA. "Congress was careful to except from the Act's broad waiver of immunity several important classes of tort claims." United States v. Varig Airlines, 467 U.S. 797, 808, 104 S.Ct. 2755, 2761 (1984). In

effect, the exceptions set forth in 28 U.S.C. § 2680 define the limits of the waiver of sovereign immunity and, thereby, also define the boundaries of the district court's jurisdiction to hear tort claims against the United States.

> As the Supreme Court stated in Dalehite:
>
> In interpreting the exceptions [Section 2680] to the generality of the grant, courts include only those circumstances which are within the words and reason of the exception. They cannot do less since petitioners obtain their 'right to sue from Congress [and they] necessarily must take [that right] subject to such restrictions as have been imposed.' Federal Housing Administration v. Burr, 309 U.S. 242, 251, 60 S.Ct. 488, 493, 84 L.Ed. 724 (1940).
>
> So, our decisions have interpreted the Act to require clear relinquishment of sovereign immunity to give jurisdiction for tort actions. . . .

346 U.S. at 31, 73 S.Ct. at 965. Thus, claims arising out of these exceptions have been considered as raising questions addressing district courts' subject matter jurisdiction.

One exception to the FTCA is particularly relevant in the instant case. Section 2680 provides in pertinent part:

> The provisions of this chapter and section 1346(b) of this title shall not apply to - -
>
> * * *
>
> (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

Plaintiff herein seeks damages for loss or negligent transmission through the United States mail of a check from another to himself. Plaintiff's claim is quite clearly a claim for loss of property by the Postal Service, a claim barred by § 2680(b). "Section 2680(b)

retains sovereign immunity with respect to claims of negligent handling of the mails." Insurance Co. of North America v. United States Postal Service, 675 F.2d 756, 759 (5th Cir. 1982) (per curiam).  See also, Marco v. United States Postal Service, 1998 U.S. Dist. LEXIS 8402 (ND Ca. 1998); Anderson v. United States Postal Service, 761 F.2d 527 (9th Cir 1985).  The United States Supreme Court has recently made clear that in creating this exception, "Congress intended to retain immunity ... for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."  Dolan v. United States Postal Service, 546 U.S. 481, 486 (2006).   Thus, this Court has no subject matter jurisdiction over Plaintiff's tort claim.

**B)** **The plaintiff's claim in contract is barred by applicable Postal Service regulations.**

To the degree the plaintiff's claim for compensation based on the indemnity on his insured parcels sounds in contract, the United States Court of Claims long ago set forth the parameters for such a claim against the (then) Post Office Department:

> The United States, for the carriage and delivery of mail for the public benefit, is beyond question engaged in the discharge of a governmental function.  It has been broadly stated that the Government is not responsible to the owner of mail lost in transportation.  That this unqualified statement is too broad is apparent.  The United States is liable to the owners of lost or damaged mail only to the extent to which it has consented to be liable, and the extent of its liability is defined by the Postal Laws and Regulations.  Public policy requires that the mails shall be carried subject to these regulations, and the liability of the Government in case of loss or damage is fixed by these regulations.

Twentier v. United States, 109 F. Supp 406, 408-09 (Ct. Cl. 1953); accord Blazavich v. United States, 29 Fed. Cl. 371, 374-75 (1993); Rider v. United States, 7 Cl. Ct. 770, 775

n.8 (1985); Marine Ins. Co. v. United States, 410 F.2d 764, 765-66 (Ct. Cl. 1969); see also Frank Mastoloni & Sons, Inc. v. United States Postal Service, 546 F. Supp 415, 419 ((S.D.N.Y. 1982)("The Postal Service is only liable to the extent it agrees to be liable.").

Plaintiff sent a parcel by COD service.  The parcel was delivered and the recipient of the parcel sent a check in Plaintiff's name back to Plaintiff.  That check was lost, and is the subject of the instant suit.  However, it is clear that, under applicable Postal Service regulations, the Postal Service is not liable for the amount of the check that was lost.

The relevant regulations clearly provide that nonnegotiable instruments, such as a returned COD check, have no value and are not recompensed by the Postal Service if they are lost; rather, the Postal Service's liability is limited to any cost incurred to replace the check.

It is incumbent upon persons in Plaintiff's position to demand a new check from the recipient of the COD parcel as they are the entity under the applicable regulations which is liable to replace the lost check, not the Postal Service.  Accordingly, since Plaintiff has not alleged any replacement costs incurred due to the lost check, his claim for the amount of the check must be denied.

### III.    CONCLUSION

WHEREFORE, for the reasons stated above, Defendant respectfully moves this Court to dismiss Plaintiff's claim with prejudice.

Respectfully submitted this 10th day of December, 2007.

          LEURA G. CANARY
          United States Attorney


By:   s/R. Randolph Neeley
       Assistant United States Attorney
       Bar Number:  #9083-E56R
       Attorney for Defendant
       United States Attorney's Office
       Post Office Box 197
       Montgomery, AL  36101-0197
       Telephone: (334) 223-7280
       Facsimile:  (334) 223-7418
       E-mail:  rand.neeley@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

       Donald L. Jones
       P.O. Box 92
       Brantley, AL 36009


       s/ R. Randolph Neeley
       Assistant United States Attorney