IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 2:07cv713-MEF** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for pretrial proceedings and entry of any orders or recommendations as may be appropriate.  *See* Doc. #4, entered August 22, 2007.  Pending before the Court is a motion to dismiss by Defendant United States of America.  The Court recommends the motion be granted, and this action be dismissed with prejudice.

**I.  BACKGROUND**

On August 7, 2007, Plaintiff Donald Jones ("Jones") initiated this action by filing a Complaint which named as defendant Deborah A. Lasseigne ("Lasseigne"), in her capacity as Postmaster, United States Postal Service ("USPS"), Brantley, Alabama. Jones' Complaint seeks recovery in the amount of $384.00 for a check mailed to him through USPS as payment for a "collect on delivery" (COD) package.  The check for $284.00 was lost by USPS and Jones seeks to recover the value of the COD package and an additional $100.00 in fees and

costs. The Complaint also alleges violations of Jones' rights guaranteed through the First, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, abuse of power, conflict of interest, and negligence. *See* Doc. #1.

The United States Attorney for the Middle District of Alabama filed a *Notice of Substitution*, through which the United States of America ("United States") was substituted for Lasseigne as the sole defendant pursuant to the Federal Tort Claims Act ("FTCA"). *See* Doc. #15. The United States filed a *Motion to Dismiss* with a *Memorandum in Support* (Doc. # # 16, 17), which cited defenses under the FTCA and USPS regulations as grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction) and/or 12(b)(6) (failure to state a claim upon which relief can be granted). The *Motion* is supported with affidavits from USPS employees Deborah Lasseigne (Brantley Postmaster) and Autria Finley (Supervisor in the Claims and Inquiries Section of the USPS St. Louis Accounting Service Center).

Jones' response to the motion for dismissal challenges the referral of his case to the undersigned magistrate judge, asserts the untruthfulness of the affidavits submitted by USPS employees, and further claims his case is exempt from the coverage of cited FTCA and USPS regulatory provisions.[1]

## II. DISCUSSION AND ANALYSIS

---

[1] The response alleges various violations of Jones' constitutional rights by current and past federal judges in this District, the United States Attorney for the Middle District of Alabama, and the Assistant United States Attorney assigned to this case. These allegations relate to the instant case and Jones' previous, unsuccessful claim for Social Security benefits.

Defendant's motion to dismiss alleges a lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). The nature of the allegation is important to this Court's review, as "[A]ttacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms," a facial attack and a factual attack. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir.1990). If the attack is "facial," the court merely determines whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the Court assumes the truth of the complaint's allegations for purposes of the motion. *Id.* at 1529. If the attack is "factual," the Court reviews 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " *Id.* (citation omitted).

The Eleventh Circuit continued to explain the procedural course for review of motions under Rule 12(b)(1) by stating

> On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion - the court must consider the allegations of the complaint to be true. But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id*. (citation omitted).

The United States' *Motion to Dismiss* asserts immunity from suit under the

doctrine of sovereign immunity, and therefore constitutes a factual attack on the Court's jurisdiction. The nature of the attack permits this Court to consider affidavits filed in support of the *Motion*. The motion recites "[I]t is well-settled that the United States, as sovereign, is immune from suit except as it consents to be sued, and the terms of its consent define the parameters of a federal court's jurisdiction to entertain suits brought against it." Doc. #17 at 4, quoting *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976 (1976). Although the FTCA, 28 U.S.C. § § 1346(b), 2671-2680, permits monetary recovery against the sovereign for the negligent or wrongful acts or omissions of federal employees acting withing the scope of their employment, it nonetheless exempts certain classes of tort claims from its coverage. Consequently, the enumerated exemptions cannot serve as a basis for suit against the United States.

    One specific FTCA exception is for "[A]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The United States Supreme Court reaffirmed the plain meaning of this statutory text when it recently held "Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late. . . ." *Dolan v. United States Postal Service*, 546 U.S. 481, 489, 126 S.Ct. 1252, 1258 (2006); *see also Hicks v. U.S. Postal Services*, 2007 WL 2710110 (M.D. Ala. 2007) (citing specific FTCA exception for loss of mail under 28 U.S.C. § 2680(b)). Jones' claim for $284.00 - the value of a "collect on delivery" parcel, and an additional $100.00

in fees from the USPS, is forbidden by the plain language of section 2680, as it arises from the loss of postal matter. The affidavits supporting the United States' *Motion to Dismiss* demonstrate Jones was instructed to request a new check from the recipient of the goods, and the USPS would be responsible for any costs associated with stopping payment on the original check. *See* Doc. #16-2, at 2-3; Doc. #16-3, at 2-3. In particular, the Declaration of Autria Finley of the Claims and Inquiries Section of the USPS Accounting Service Center shows Jones was informed during the claim and appeal process that USPS was only responsible for the replacement costs of the check itself - as opposed to the value of the check. Doc. #16-3, at 3, 9.

Jones' response asserts his claim is excepted from the FTCA's ban on claims for lost mail. (Doc. # 19 at 28, 38). He provides no legal authority for this assertion. The Court finds it is without jurisdiction to address his claim under section 2680(b) of the FTCA. Further, the case merits dismissal under Fed. R. Civ. P. 12(b)(1), as the United States is immune from claims of this type under the cited statute.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)     The Complaint be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this

*Recommendation* on or before **February 7, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 25th day of January, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE